**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

J & J SPORTS PRODUCTIONS, INC., )
                                )
        Plaintiff,              )
                                )   No. CIV 13-312-TUC-CKJ
vs.                             )
                                )   **ORDER**
LUIS HECTOR MARGAILLAN, et al., )
                                )
        Defendants.             )
_____)

Pending before the Court is Plaintiff's Motion for Award of Costs and Attorneys' Fees (Doc. 20).

*Procedural Background*

Plaintiff J & J Sports Productions, Inc., ("J & J Sports") filed a Complaint in this Court on May 4, 2013. J & J Sports alleged Defendants Luis Hector Margaillan ("Margaillan") and Lamco Enterprises, LLC ("Lamco") violated 47 U.S.C. § 605 by their unauthorized publication or use of communications (i.e., the transmission of the *Floyd Mayweather, Jr. v. Miguel Cotto, WBA Super World Light Middleweight Championship Fight Program* ("the Program")) for which J & J Sports had the distributing rights. J & J Sports also alleged Margaillan and Lamco violated 47 U.S.C. § 553 by their unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the Program.

The Clerk of Court entered default on September 11, 2013 (Docs. 11 and 13). On December 18, 2013, this Court granted J & J Sports' Motion for Default Judgment; Default Judgment was entered.

1    J & J Sports requests an award of costs and attorneys' fees based on the entry of
2 default judgment (Doc. 20).

*Motion for Award of Costs and Attorneys' Fees* (Doc. 20)

J & J Sports requests an award of costs and attorneys' fees based on the entry of default judgment. J & J Sports Court's entry of default judgment, claiming it is the prevailing party for purposes of such an award. (ECF No. 15.)

Generally, prevailing parties do not recover attorneys' fees unless there is some statutory or other exception to the American rule. *Middle Mountain Land and Produce Inc. v. Sound Commodities Inc.*, 307 F.3d 1220, 1225 (9th Cir. 2002) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257-59 (1975). 47 U.S.C. § 605 provides an exception to the American rule.

Under 47 U.S.C. § 605, the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). A "person aggrieved" includes "any person with proprietary rights in the intercepted communication by wire or radio[,]" 47 U.S.C. § 605(d)(6), or whose rights to a communications service have been violated by unauthorized interception or receipt of the service, 47 U.S.C. § 553(a). *See also J & J Sports Prods., Inc. v. Rezdndiz*, No. 08 C 4121, 2008 WL 5211288, at *2 (N.D.Ill. Dec. 9, 2008) (holding that, under 47 U.S.C. § 553, "it is clearly possible for non-cable operators to be 'aggrieved' as a result of unauthorized interception").

"Courts consistently confirm that 'a party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d).'" *San Diego Police Officers' Ass'n v. San Diego City Employee's Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009). A plaintiff, therefore, who obtains a default judgment may be considered a prevailing party for purposes of awarding fees and costs under § 605. *See J & J Sports Prods., Inc. v. Miranda*, No. C 09–1037 SI, 2009 WL 3837273 (N.D.Cal. Nov.16, 2009).

J & J Sports has prevailed on its claim for violation of 47 U.S.C. § 605 by obtaining

1  a default judgment. J & J Sports is, therefore, entitled to an award of its costs and an award
2  of reasonable attorneys' fees.  J & J Sports seeks $1,500.00 in costs – however, the Bill of
3  Costs submitted by J & J Sports states the costs as $1,450.00.

4        J & J Sports' costs include the filing fee ($400.00), and service-of-process charges
5  ($425.00).  The Court finds these costs are allowable by law and necessarily incurred.

6        J & J Sports also lists investigative expenses in the amount of $625.00.  J & J Sports
7  seeks this cost pursuant to LRCiv 54.1.  The Local Rule lists the items that may be taxed,
8  including "[o]ther items . . . with prior Court approval."  J & J Sports does not assert it
9  "obtained prior court approval to tax its investigator fees or expenses."  *J & J Sports*
10 *Productions, Inc. v. Mosqueda*, No. CV–12–00523–PHX–DGC, 2013 WL 5336848 *2
11 (D.Ariz. Sept. 24, 2013).  The Court finds this item is not taxable under LRCiv 54.1.

12       Therefore, the Court finds an award of $825.00 for costs is appropriate.

13       J & J Sports also seek an award of $1,935.00 for attorneys' fees.  LRCiv 54.2 sets
14 forth factors that are to be discussed, as appropriate, that "bear[] on the reasonableness of the
15 requested attorneys' fee award[.]"  The Court has considered the factors as discussed by
16 counsel, including the time and labor of counsel and his associates.  The Motion includes
17 preparation of the Motion for an Award of Costs and Attorneys' Fees in the request.
18 However, "[i]f the moving party claims entitlement to fees for preparing the motion and
19 memorandum for award of attorneys' fees and related non-taxable expenses, such party also
20 must cite the applicable legal authority supporting such specific request."  LRCiv 54.2(c)(2);
21 *see also Moshir v. Automobili Lamborghini America LLC*, 927 F.Supp.2d 789, 804 (D.Ariz.
22 2013).  No authority having been provided for an award for the preparation of the pending
23 motion, the Court will reduce the requested award by $450.00 (2.75 hours), the amount
24 requested for the preparation of the pending motion.  The remaining number of hours
25 expended in this case as set forth in the motion is reasonable.  *See* Doc. 20.  Additionally, in
26 light of counsel's experience and specialized knowledge, the Court finds the charged hourly
27 rates, as set forth in the motion, are reasonable.  *Id.*; *Hensley v. Eckerhart*, 461 U.S. 424, 433
28 (1983).  The Court finds an award of $1,425.00 for attorneys' fees is appropriate.

Accordingly, IT IS ORDERED:

1. Plaintiff's Motion for Award of Costs and Attorneys' Fees (Doc. 20) is GRANTED IN PART AND DENIED IN PART.

2. Plaintiff J & J Sports is awarded $825.00 in costs and $1,485.00 in attorneys' fees.

3. The Clerk of Court shall enter an amended judgment in this case.

4. The Clerk of Court shall mail a copy of this Order to:

> Luis Hector Margailan
> 1012 N. G Avenue, Suite 100
> Douglas AZ 85607
>
> Lamco Enterprises, LLC
> 1012 N. G Avenue, Suite 100
> Douglas, AZ 85607

DATED this 14th day of January, 2014.

_____
Cindy K. Jorgenson
United States District Judge